# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1132V
Filed: February 5, 2018
Not for Publication

| | |
|---|---|
| CHERON GOLDING, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Interim attorneys' fees and costs decision; respondent defers to Special Master's discretion |

Randall G. Knutson, Mankato, MN, for petitioner.
Glenn A. MacLeod, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 15, 2018, petitioner filed a motion for interim attorneys' fees and costs, requesting attorneys' fees of $51,737.25 and attorneys' costs of $3,917.31, for a total request of $55,654.56. No decision on entitlement has been issued.

For the reasons set forth below, the undersigned awards petitioner $35,678.27 in interim attorneys' fees and costs incurred up to and including December 15, 2017.

## PROCEDURAL HISTORY

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On September 13, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that she suffered transverse myelitis, neuromyelitis optica ("NMO"), diplopia, dysarthria, facial droop, extreme incontinence and constipation, paresthesia, numbness and weakness to all extremities, and gait dysfunction as a result of her October 17, 2013 receipt of the influenza ("flu") vaccine. Pet. Preamble.

During the first status conference held on October 18, 2016, the undersigned noted that this is a good case for settlement. During a status conference held on April 18, 2017, the undersigned ordered petitioner to make a demand on respondent.

On July 11, 2017, petitioner made a demand on respondent. On September 14, 2017, respondent asked for additional information from petitioner in order to evaluate her demand. Petitioner filed additional documents on November 15, 2017, December 13, 2017, and January 15, 2018 and filed her amended statement of completion on January 15, 2018.

During a status conference held on January 29, 2018, the undersigned ordered respondent to respond to petitioner's demand and file a status report saying he has done so by February 28, 2018.

On January 15, 2018, petitioner filed a motion for interim attorneys' fees and costs, requesting attorneys' fees of $51,737.25 and attorneys' costs of $3,917.31, for a total request of $55,654.56.

On January 29, 2018, respondent filed a response to petitioner's motion. Respondent deferred to the undersigned to determine whether or not petitioner has met the legal standard for an interim fees and costs award. Reply at 2. With that exception, respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case. Id.

The matter of petitioner's interim attorneys' fees and costs is now ripe for adjudication.

## DISCUSSION

### I. Interim Fee Awards are Appropriate Under the Vaccine Act

The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Federal Circuit again found interim fee awards appropriate under the Vaccine Act in Shaw v. Secretary of Health and Human Services, 609 F.3d 1372 (Fed. Cir. 2010).

#### A. Interim Fees are Appropriate in This Case

In Avera, the Federal Circuit held that while interim fees are not banned by the statute, they were not appropriate in that case because appellants sought only higher fees after dismissal of their case. 515 F.3d at 1352. The Federal Circuit stated, "Interim fees are particularly

appropriate in cases where proceedings are protracted and costly experts must be retained." Id. In denying an interim fee award, the Federal Circuit reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the [fees] award pending the appeal." Id.

Respondent did not object to petitioner's motion for interim attorneys' fees and costs in his response and deferred to the undersigned to exercise her discretion to award interim fees and costs in this case.

### 1. Good Faith & Reasonable Basis

Petitioner is entitled to a presumption of good faith. There is no evidence that this petition was brought in bad faith. Therefore, the undersigned finds that the good faith requirement is met.

The undersigned reviewed petitioner's medical records before the first status conference in this case and advised the parties in several status conferences that this is a good case for settlement. In Calise, the undersigned found petitioner developed NMO due to the receipt of flu vaccine. Calise v. Sec'y of HHS, No. 08-865V, 2011 WL 1230155 (Fed. Cl. Spec. Mstr. Mar. 14, 2011). Because this case appears to have a reasonable basis, the undersigned awards interim attorneys' fees and costs.

### 2. Protracted Proceedings

Additionally, interim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship on petitioner. Petitioner's case has been pending for over 16 months. Thus, the undersigned finds an award of interim fees and costs appropriate at this juncture in the case.

## II. Reasonableness of Requested Attorneys' Fees and Costs

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d 1343, 1348. This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349). For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424,

434 (1983)). Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task. See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

In her motion, petitioner requests a total of $55,654.56, comprised of $51,737.25 for attorneys' fees and $3,917.31 for attorneys' costs, incurred by Knutson & Casey Law Firm. The undersigned finds it necessary to reduce the hourly rates requested for counsel Mr. Knutson and his paralegal. Also, some billing entries are not compensable.

**1. Appropriate Hourly Rates**

Mr. Knutson billed at a rate of $365.00 for his work performed in 2015, 2016 and 2017, and $130.00 for his paralegal's work performed in 2015, 2016 and 2017. Doc. 28-2. Both amounts exceed rates previously awarded for Mr. Knutson in this Program. Spivak v. Sec'y of HHS, No. 16-0070V, 2017 WL 6503606 (Fed. Cl. Spec. Mstr. May 26, 2017); Deckert v. Sec'y of HHS, No. 16-0562V (Fed. CL. Spec. Mstr. May 17, 2017). As is consistent with other cases, Mr. Knutson is awarded $295.00 per hour for counsel's work performed in 2015 and 2016 and $75.00 per hour for his paralegal's work in 2015 and 2016. The undersigned awards the increased rate of $365.00 for Mr. Knutson and $130.00 for his paralegal for hours billed in 2017. Miller v. Sec'y of HHS, No. 17-0106V (Fed. Cl. Spec. Mstr. Jan. 19, 2018).

As Mr. Knutson billed 56.55 hours of time for his work at a rate of $365.00 in 2015 and 2016, 37.2 hours of time for his traveling at a rate of $182.50 in 2016, and 54.7 hours for his paralegal's work at a rate of $130.00 in 2015 and 2016, **the undersigned reduces petitioner's interim attorneys' fees by $8,269.00.**

**2. Reduction of Billable Hours**

**a. Research**

Petitioner's counsel billed a total of 7.5 hours for time spent researching "case settlements for seizures and vaccines," "shingles and tranverse myelitis," "caselaw including Shyface, Mura, and Calise regarding damages and burden of proof," "recent settlement for Transverse Myelitis and all court decisions," and "stipulations and settlements." Doc 28-2, at 5-7, 10 (entries dated 1/24/2016; 10/17/2016; 10/18/2016; 1/17/2017; 4/17/2017). The full amount of this time should not be compensated as "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." Matthews v. Sec'y of HHS,

No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." Carter v. Sec'y of HHS, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Mr. Knutson has 25 years of experience and this is not his first case in the Vaccine Program. Therefore, the undersigned finds the total 7.5 hours of research is not compensable and resulting in a **further deduction of $2,331.50.**

### b. Clerical Tasks

Bedrock caselaw states that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); Guerrero v. Sec'y of HHS, 124 Fed. Cl. 153, 156 (2015)(noting that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"); Mostovoy v. Sec'y of HHS, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Petitioner's counsel's billing records contain multiple entries that are best characterized as administrative tasks, such as scanning records, scheduling meetings, and reviewing invoices. For instance, counsel billed a combined 2.8 paralegal hours for scanning records, making labels and opening the file. Doc 28-2, at 12, 13 (entries dated 4/16/2015; 6/1/2016; 7/15/2016). Counsel billed 0.5 hours for reviewing medical bills from providers. Id. at 2. Counsel billed 4.1 paralegal hours to obtain medical records. Id. at 12-16 (entries dated 4/21/2015; 11/24/2015; 2/3/2016; 6/1/2016; 1/10/2017; 1/6/2017[2]; and 12/11/2017). Throughout the billing invoices, counsel and his paralegal billed 0.1 to 0.2 hours for reviewing a status conference order, reviewing a scheduling order, and reviewing a minute entry for proceeding. Id. at 1-7 (entries dated 9/13/2016; 9/22/2016; 9/28/2016; 10/18/2016; 11/22/2016; 1/9/2017; 3/16/2017; 3/29/2017; 4/19/2017; 6/19/2017; 7/18/2017; 9/21/2017; and 10/5/2017) and at 13-16 (entries dated 9/13/2016; 9/14/2016; 9/21/2016; 9/27/2016; 11/22/2016; 1/9/2017; 3/16/2017; 3/28/2017; 4/18/17; 8/31/2017; 9/18/2017; 10/5/2017; 11/14/2017; and 12/14/2017). Beyond the fact that this is clerical work billed at counsel's and paralegals' rates, the undersigned cannot imagine how it takes six to twelve minutes to enter a date, or even three dates, on one's calendar. These types of entries are clerical in nature and do not constitute billable time. Accordingly such entries will be deducted from the fee award, amounting to a **further reduction of $1,892.00.**

### c. Paralegal Work

The undersigned will pay counsel for work which could be performed by a paralegal but will do so at a reasonable rate for a paralegal, $75.00 per hour in 2015 and 2016 and $130.00 per hour in 2017.

[2] It should be 1/16/2017 according to the timeline order this entry was entered.

"Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." Riggins v. Sec'y of HHS, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "The rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." Doe/11 v. Sec'y of HHS, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr, Jan. 29, 2010).

In this case, counsel billed a total of 0.4 hours at a $365.00 hourly rate when performing filings and requesting medical records. Doc 28-2 (entries dated: 9/11/2017; 12/13/2017). The undersigned will pay $52.00 for this work rather than the $146.00 petitioner seeks.

**d. Vague, Duplicative and Excessive Billing Entries**

Petitioner's counsel's billing records contain a high volume of vague, duplicative, and excessive billing entries. The undersigned has previously decreased an award of attorneys' fees for vagueness. Barry v. Sec'y of HHS, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of HHS, 18 Cl.Ct. 751, 760 (1989); Rodriguez v. Sec'y of HHS, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Id. at *8. Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied,* 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. See Sabella, 86 Fed. Cl. at 209.

After reviewing the billing records, the undersigned finds that petitioner's counsel and paralegal included entries that are so vague that they do not provide enough information to determine whether the task is reasonable and compensable. Several of the entries are simply for a review of the file, a review of an email or a message from client, "T client," or "PC w/ client," but do not explain for what purpose the file needed to be reviewed when counsel was actively involved in the case, what the email or message from client was about, and for what purpose counsel and the paralegal were having a telephonic conference with petitioner. Doc 28-2, at 1-10 (entries dated 3/24/2015; 4/25/2016; 6/1/2016; 1/9/2017; 4/28/2017; 6/7/2017; 7/11/2017; 10/12/2017; 11/6/2017; and 11/13/2017) and at 13-14 (entries dated 7/21/2016; 12/22/2016; 1/3/2017; 3/22/2017; and 10/10/2017).

Moreover, the undersigned finds that counsel included entries that are duplicative due to both attorney and paralegal billing for review of the same notices or documents and drafting the same documents regarding the same matters. For example, both counsel and his paralegal billed for: drafting the filing of Exhibit 13 on April 18, 2017; drafting the notice of intent to remain in

the Program on May 11, 2017; reviewing the 240-day order on May 11, 2017; and drafting a status report on June 16, 2017 and June 19, 2017.  Doc 28-2, at 1-16.  For these entries, the undersigned pays the paralegal hours only.  Many billing entries which are clerical in nature as mentioned before are duplicative as well.[3]  In addition, the paralegal billed for attending a status conference together with counsel on October 18, 2016, January 9, 2017, August 30, 2017, and November 14, 2017.  Doc 28-2, at 14-16.  The undersigned finds these paralegal hours not compensable.

Lastly, counsel billed a combined 16.3 hours[4] of counsel time and 54 hours[5] of paralegal time for reviewing and summarizing 1,362 pages of medical records.  The undersigned finds this an excessive amount of time based on her over 26 years of experience in the Program.  The undersigned recognizes 20 hours of paralegal time for reviewing and summarizing the records and 7 hours of counsel time for reviewing them.

Accordingly, the undersigned further reduces the fee request by **$7,389.79.**

Thus, the total amount of attorneys' fees for Knutson & Casey Law Firm is reduced by $19,976.29 and $31,760.96 is awarded.  The undersigned finds the attorneys' costs reasonable.  Therefore, the total amount paid for attorneys' fees and costs incurred by Knutson & Casey Law Firm is **$35,678.27.**

## CONCLUSION

The undersigned finds an award of interim attorneys' fees and costs appropriate.  She also finds that the majority of petitioner's interim attorneys' fees and costs request is reasonable.  **Accordingly, the court awards: $35,678.27**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Knutson & Casey Law Firm in the amount of **$35,678.27.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

---

[3] For example, both counsel and paralegal billed for reviewing notices of designation, assignment and appearance on September 13, 14, and 21, 2016; reviewing the initial status conference order on September 27 and 28, 2016; reviewing a status conference order or a scheduling order on November 22, 2016, March 16, 2017, October 5, 2017, and November 14, 2017; and reviewing emails from the court and respondent for rescheduling a status conference on March 16, 2017.

[4] Doc 28-2, at 1, 5, 7-10 (entries dated 1/19/2016; 1/24/2016; 5/9/2016; 6/6/2016; 6/8/2016; 7/8/2016; 7/14/2016; 10/17/2016; 1/17/2017; 11/16/2017; and 11/21/2017).

[5] Id. at 12-16 (entries dated 12/28/2015; 1/4-8/2016; 1/11-15/2016; 3/31/2016; 4/26/206; 5/3/2016; 6/1/2016; 10/19/2016; 1/16/2017; 6/26/2017; 11/17/2017; 11/20/2017; and 11/21/2017).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

Dated: February 5, 2018

s/ Laura D. Millman
Laura D. Millman
Special Master